IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRA FOUNDATION FOR<br>AMERICAN ART,<br><br>    Plaintiff,<br><br>vs.<br><br>SOLOMOL+BAUER+GIAMBASTIANI<br>ARCHITECTS, INC., a Massachusetts<br>corporation,<br>    Defendant. | Case No. 14 C 3012<br><br>Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions: Defendant's Motion for Rule to Show Cause [ECF 31] and Plaintiff's Motion to Compel [ECF 33]. For the reasons discussed below, Defendants' Motion for Rule to Show Cause is denied, and Plaintiff's Motion to Compel is denied in part and entered and continued in part.

**I. Defendant's Motion for Rule to Show Cause**

In its Motion for Rule to Show Cause, Defendant Solomon Bauer Giambastiani Architects, Inc. ("SBG") asks the Court to issue a rule to show cause against third parties City Real Estate ("CRE") and Wiss, Janney Elstner Associates ("WJE") for their failure to produce all documents requested in subpoenas SBG served upon them pursuant to Federal Rule of Civil Procedure 45. The Motion also was directed at other third parties but those disputes have been resolved.

SBG was involved in the design of the art collection storage system at the offices of Plaintiff Terra Foundation for American Art ("Terra"). SBG's Answer [ECF 10], at ¶ 4. The

gist of Terra's complaint appears to be that SBG breached its contract with Terra because the art vaults are deficient in a number of ways. SBG denies the allegations. *Id.* at ¶ 5.

The Rule 45 subpoenas SBG served on CRE and WJE seek their entire project files relating to the construction of Terra's office space, including construction of the art vaults which is the subject of the instant litigation. CRE and WJE object to the subpoenas as overbroad and unduly burdensome in requiring them to produce their entire project files. Terra's counsel in this case also represents third parties CRE and WJE, and Terra has joined CRE and WJE in objecting to the subpoenas on the ground that the information requested is not relevant. Despite their objections, CRE and WJE represent that they have produced all of their documents "that bear any connection to" the art vaults but have not produced their entire files relating to the whole construction project.

CRE and WJE contend that their entire project files contain a vast amount of documents that have nothing to do with the design and construction of the art vaults. Specifically, CRE represents that it has produced over 11,000 pages of documents relating to the art vaults. CRE states that there is an additional four gigabytes of data in its files, comprising between 60,000 and 2,680,000 pages, and that it would cost CRE an additional $100,000 to review and produce those documents. WJE states that it has 4,500 additional pages that may relate to the construction of Terra's office space that have not been produced. WJE estimates it would cost approximately $15,000 to go through the additional documents.

Both CRE and WJE argue that they should not have to spend the time, effort and money to review and produce any additional documents because, among other things, they have produced documents relating to the art vaults and all other information is not relevant and/or not likely to lead to the discovery of admissible evidence. Implicitly, these third parties also seem to

2

be arguing that the burden or expense of producing the requested documents outweighs the likely benefit of producing them. *See* Fed.R.Civ.P. 45(e)(1)(D) incorporating by reference Fed.R.Civ.P. 26(b)(2)(C). The Court agrees that CRE and WJE do not have to produce the additional documents requested by SBG.

Pursuant to Rule 45, a party is entitled to require a non-party to produce documents so long as reasonable steps are taken to avoid imposing undue burden or expense on the person or entity subject to the subpoena. *See* FED.R.CIV.P. 45(d)(1) and (e)(1)(D). It is the non-party status that is a significant factor in determining whether a request is too burdensome. "Although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluating the balance of competing needs." *United States v. Amerigroup Illinois, Inc.*, 2005 WL 3111972 (N.D. Ill. 2005) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). That is not to say, however, that any burden or expense is excessive; only when a non-party is subjected to "significant expense" should the burden of cost be weighed. *See, e.g., DeGeer v. Gillis*, 755 F.Supp.2d 909, 928 (N.D. Ill. 2010).

Given that CRE and WJE already have produced their documents relating to the art vaults, the Court finds that it would be unduly burdensome and cost prohibitive to require CRE and WJE review and produce additional documents relating to Terra's office space generally. The Court finds that requiring them to expend an additional $15,000 let alone $100,000 would be excessive and an undue burden on a third party.

The Court is not persuaded by SBG's argument that it is not fair that Terra's counsel has had the opportunity to look at the additional documents and that SBG cannot review the

documents. First, it is not clear that Terra or its counsel actually have looked at the additional documents in the possession of CRE or WJE aside from SBG's ipse dixit. Moreover, just because Terra and/or its counsel may have looked at certain documents that have not been produced by these third-parties is not a sufficient reason to require their production by the third parties without more evidence to demonstrate that they are relevant or likely to lead to the discovery of admissible evidence.

Accordingly, the Court declines to issue any rule to show cause, and SBG's Motion [ECF 31] is denied.

**II. Plaintiff's Motion to Compel**

In its Motion to Compel, Terra seeks to compel SBG to produce (1) third party documents in a specified electronic format, and (2) certain documents that have been withheld on the basis of privilege. As to the third party documents, Terra argues that SBG is required to produce the third party documents in a specific electronic format, *i.e.*, native and single page black and white TIFF format, along with a Concordance load file -- the same format Terra sought in its Rule 34 request for production of documents that Terra propounded on SBG. The Court disagrees.

SBG propounded several Rule 45 subpoenas on various third parties. Some of the document productions SBG received from third parties were less than 200 documents each so SBG bates-stamped the documents in the manner in which they were received and provided Terra with bates-stamped copies of those third party productions. Other third party document productions, however, were too large to handle in that manner. SBG asked Terra to share the cost to bates-stamp and convert those third party documents into electronic format so that they could be reviewed in a computer database. Terra refused to split the cost so SBG produced to Terra

4

copies of the documents it received from third parties in the format in which SBG received the documents.

The Court finds that SBG is not required to do anything more than it already has done. SBG is not required to incur the expense of converting third party documents into Terra's preferred format. SBG only is required to produce documents it received from third parties in the format in which it received them. Terra was given the opportunity to share the cost to convert the third party documents into electronic format. After Terra refused to share that cost, SBG and Third-Party Defendant Exergen split the cost to have the documents converted into a format for viewing them in their electronic database system. Terra now does not get the benefit of SBG's (and Exergen's) efforts and work product that converted the third party documents to an electronic format compatible with their electronic database. The Court will not compel SBG to do anything more. Terra must bear its own costs to process the third party document into the format it wants. Accordingly, Terra's Motion to Compel is denied as to the format in which the third party documents are produced.

In the second portion of its Motion to Compel, Terra seeks to compel production of two categories of documents: (1) email communications exchanged between SBG's president Larry Bauer and its counsel Eric Howard on which Third-Party Defendant Exergen's president Hank Anthony was copied before Terra filed its complaint against SBG (SBG 1218.003, 1219.003, 1221.002, 1222.002, 1223.002, 1224, 1229, 1230, and 1231) and (2) email communications exchanged between SBG's president Bauer and Exergen's president Anthony on which SBG's counsel Howard was copied after the lawsuit was filed (SBG 1042, 1046, 1048 and 1054). SBG asserts a common interest privilege with Exergen for the documents at issue. Specifically, SBG

5

argues that it shared a "common interest" with Exergen at the time of the communications, and therefore, the communications are privileged and protected from production.

The Court first addresses whether the disputed documents are privileged because the common interest privilege only protects communications that otherwise already are privileged. *McCullough v. Fraternal Order of Police*, 2014 WL 2514623, at * 5 (N.D. Ill. June 4, 2014). The attorney-client privilege protects confidential communications made by a client to his lawyer in which legal advice is sought. *Pampered Chef v. Alexanian*, 737 F. Supp. 2d 958, 962 (N.D. Ill. 2010) (emphasis added). Because "the privilege is in derogation of the search for truth," any exceptions to the requirements of the attorney-client privilege "must be strictly confined." *U.S. v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007) (citing *In re Grand Jury Proceedings (Thullen)*, 220 F.3d 568, 571 (7th Cir. 2000)). "[I]n order for the attorney-client privilege to attach, the communication in question must be made: (1) in confidence; (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship." *Id.* "The privilege is construed narrowly and the party asserting it has the burden of establishing all of its essential elements." *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (citing *United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992)).

It is not clear from either SBG's response to Terra's Motion to Compel or its privilege log that documents SBG 1042, 1046, 1048 and 1054 are protected by the attorney-client privilege in the first place. According to SBG's privilege log, SBG 1042, 1046, 1048 and 1054 are email communications between SBG's president Bauer and Exergen's president Anthony that merely copy SBG's attorney. Based on SBG's privilege log, these emails on their face are not communications made to an attorney nor is it clear the communications were made in connection with the provision of legal services. Courts repeatedly have held that "neither the

6

mere presence of the lawyer's name on a document nor the copying of counsel on an email automatically makes an item privileged." *Wierciszewski v. Granite City Ill. Hosp. Co. LLC*, 2011 WL 5374114, at *1-2 (S.D. Ill. Nov. 7, 2011); *Steele v. Lincoln Fin. Group*, 2007 WL 1052495, at *1 (ND. Ill. April 3, 2007); *Bell Microproducts, Inc. v. Relational Funding Co.*, 202 WL 31133195, at *1 (N.D. Ill. Sept. 25, 2002). The Court, therefore, will need to review *in camera* SBG 1042, 1046, 1048 and 1054 to determine whether they are protected by the attorney-client privilege in the first instance before deciding whether a common interest privilege would apply to these documents.

Terra does not challenge SBG's underlying claim of work product or attorney-client privilege for SBG 1218.003, 1219.003, 1221.002, 1222.002, 1223.002, 1224, 1229, 1230, and 1231.[1] Based on the description of the documents identified on SBG's privilege log, the Court finds that SBG has made a sufficient showing that SBG 1218.003, 1219.003, 1221.002, 1222.002, 1223.002, 1224, 1229, 1230, and 1231 are protected by the attorney-client privilege and/or work product doctrine. Therefore, the Court now must determine whether SBG and Exergen sufficiently share a common interest regarding these documents and whether the common interest privilege protects these documents from production.

Although referred to as a privilege, the common interest doctrine is an exception to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third person. *See, e.g., BDO Seidman*, 492 F.3d at 816; *Jenkins v. Bartlett*, 487 F.3d 482, 490 (7th Cir. 2007); *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). This narrow exception "extends the attorney-client privilege to otherwise non-confidential communications in limited circumstances." *BDO Seidman*, 492 F.3d at 815-16. The common

---

[1] The Court notes that Defendant represents in its response that SBG 1218.003, 1219.003, 1221.002, 1222.002, 1223.002, 1224, 1229, 1230, and 1231contain the same redacted communication and are not separate communications.[ECF 41], at 9.

7

interest doctrine extends privilege to communications made in the presence of third parties for the purpose of coordinating a defense strategy or pooling information for common legal purpose. *Id.* at 816; *see also Dexia Credit Local v. Rogan*, 231 F.R.D. 268, 273 (N.D. Ill. 2005) ("'[T]he identity of the interest may be established by showing that the sharing of documents was for the purpose of cooperating in pursuit of a common legal goal"). The parties' common interest must relate to "a litigation interest, not merely a common business interest," and this shared interest must be identical, not simply similar. *Id.* Like the assertion of the attorney-client privilege, the party withholding the documents bears the burden of establishing the common interest." *Id.*

SBG and Exergen had a business relationship in which Exergen performed mechanical engineering services as SBG's sub-consultant in the design of the art vaults for Terra. [ECF 18], at ¶ 1. Prior to the allegedly privileged communications between SBG and Exergen, Terra raised concerns with SBG about the design and function of the art vaults. After Terra raised those concerns, SBG had communications with its counsel and Exergen's president was copied. SBG argues that once Terra communicated to SBG that Terra would pursue legal remedies against SBG for alleged defects in the art vaults, it was reasonable for SBG and Exergen to jointly consult SBG's counsel regarding their mutual concerns about the potential threat of litigation. [ECF 41], at 11.

Terra filed its complaint against SBG on April 25, 2014 [ECF 1], and SBG filed its third-party complaint against Exergen on July 18, 14 [ECF 18]. It is not disputed that SBG currently is adverse to Exergen. Nevertheless, SBG claims that the email communications exchanged between SBG's president Larry Bauer and its counsel Eric Howard on which Third-Party SBG Exergen's president Hank Anthony was copied before Terra filed its complaint against SBG are protected by the work product and attorney-client privileges and they are communications "in

8

anticipation of litigation and legal strategy." [ECF 33-1], Ex.C. Terra argues that the common interest privilege does not apply here because SBG and Exergen do not share a common legal interest because Terra never mentioned Exergen prior to filing its complaint against SBG and SBG and Exergen are adverse to each other as a result of SBG's third party complaint against Exergen. The Court agrees with SBG.

A recent case in this District, *Lislewood v. AT&T Corp.*, 2015 WL 1539051 (N.D. Ill. March 31, 2015), is particularly instructive. In that case, plaintiff Lislewood and defendant AT&T were parties to a 30-year commercial lease, during which AT&T entered into a sublease with third-party defendant Marriott. In anticipation of and following the termination of the underlying lease, AT&T and Marriott attorneys corresponded with one another regarding communications from Lislewood about the state of the premises and potential liability issues. AT&T and Marriott entered into a Common Interest Privilege/Joint Defense Agreement. Ultimately, Lislewood sued AT&T for breach of the lease for failing to properly maintain the premises, and approximately four months later, AT&T filed a third-party complaint against Marriott for indemnification and breach of the sublease. AT&T argued that its communications with Marriott were protected by the common interest privilege, and the district court agreed. 2015 WL 1539051, at * 4. The Court was not persuaded by Lislewood's argument that AT&T and Marriott's common interest was not sufficient and that AT&T and Marriott did not have adverse interests even though AT&T had filed a third-party complaint against Marriott. *Id.* The district court found that both parties had a common legal interest in AT&T being found not liable because if AT&T were not liable then Marriott would not be liable either. *Id.*

In this case, the Court finds that SBG and Exergen similarly share an identical legal interest. *See Lislewood*, 2015 WL 1539051, at * 4 (citing *Dexia*, 231 F.R.D. at 294) (finding that

parties may share "an identical legal interest . . . from different perspectives")). Even though Terra's threat of litigation was directed only to SBG, it certainly was reasonable to assume that the mechanical engineering consulting services Exergen provided in the design of the art vaults potentially could be implicated by Terra's complaints of alleged defects in the work SBG performed on the art vaults. In *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 251 F.R.D. 316 (N.D.Ill. 2008), another district court concluded "when two or more individuals jointly consult an attorney regarding a mutual concern, their confidential communication with that attorney, although known to each other, will be privileged in the controversy of either or both of the individuals with the outside world." 251 F.R.D. at 326-327. Such a privilege applies to any parties that have a common interest in "potential litigation," and the privilege "is not limited to parties who are perfectly aligned on the same side of a single litigation, rather the party asserting the privilege must simply demonstrate actual cooperation toward a common legal goal." *Id.* at 327.

Like the court in *Lislewood*, this Court finds that SBG and Exergen share a common legal interest in SBG being found not liable for the construction work done for Terra, and the Court concludes that the email communications exchanged between SBG, SBG's counsel and Exergen that are bates-stamped SBG 1218.003, 1219.003, 1221.002, 1222.002, 1223.002, 1224, 1229, 1230, and 1231 are protected by the common interest privilege. Accordingly, the second portion of Terra's Motion to Compel is denied in part and entered and continued in part.

Both Terra and SBG seek their attorneys' fees and costs for filing their respective Motions. Those requests for fees and costs are denied. FED.R.CIV.P. 37(a)(5)(A)(ii) and (iii); FED.R.CIV.P. 37(b).

For all of the reasons discussed herein, Defendants' Motion for Rule to Show Cause [ECF 31] is denied, and Plaintiff's Motion to Compel [ECF 33] is denied in part and entered and continued in part. SBG shall deliver copies of SBG 1042, 1046, 1048 and 1054 to the Court's chambers for an *in camera* review by Friday May 1, 2015. After reviewing the documents, the Court either will rule via the CM-ECF system or set this matter for hearing if necessary.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 29, 2015